In the Matter of the Claim of ELMIRA DRAKE, Respondent, against TILLINGHAM-MOYER COMPANY, Employer, and FIREMEN'S FUND INDEMNITY COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the insurance carrier of the employer from an award and decision of the State Industrial Board, noticed on the 11th day of April, 1938. On June 28, 1937, decedent herein came to his death while working at his employment. The only questions presented to this court for review are those of accident and causal relation. The employer in its first report of injury admitted the decedent was injured while working. The accident occurred at an excavation made by the employer in an alleyway behind the First National Bank Building in Olean, N. Y. The decedent had been working with a pick and shovel. He laid down his pick and started to pick up his shovel and he fell dead from an acute dilatation of the heart. Decedent was examined by the employer's physician before he went to work. His heart was found to be normal. He had never been sick. There was medical evidence that the throwing of the dirt into the truck culminated finally in acute dilatation. The award is sustained by the evidence. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of WALTER GARVIN, Respondent, against CLEVELAND & RYAN, INC., and LIBERTY MUTUAL INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and its insurance carrier from an award in claimant's favor. The sole question is whether the accident arose out of and in the course of the employment. In the employer's first report of injury it admits that the accident occurred at its pier and that claimant was injured in his regular occupation as a watchman. The employer is an electric contractor. On August 23, 1936, being the date of the accident, it was engaged in construction on a pier on the North river in the borough of Manhattan. Claimant was employed as a watchman. At about ten P. M. on that day while claimant was leaving the pier for the purpose of obtaining lunch he was struck by an automobile and sustained the injuries in question. The vice-president of the employer testified that claimant was on duty at all times and that he did not leave his employment while going to obtain lunch. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.